IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:07-CR-00090-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. B&H MAINTENANCE & CONSTRUCTION, INC., a New Mexico corporation;
2. JON PAUL SMITH a/k/a J.P. SMITH; and
3. LANDON R. MARTIN,

    Defendants.

---

## AGREED-UPON PROTECTIVE ORDER

---

This matter coming before the Court pursuant to the agreement of the United States and the defendants, it is hereby ORDERED that:

(1)    As used in this order, the words "Defendant" or "Defendants" mean the individual defendants and representatives of the corporate defendant in this case; defense counsel actively representing the defendants in this case; and partners, associates, secretaries, paralegal assistants, and employees of those defense counsel, but only to the extent reasonably necessary to render professional services in this case. The words "Confidential Material" mean grand jury materials; any other information designated by the United States as sensitive and/or confidential; and all documents and information provided by any Defendant and designated as sensitive and/or confidential.

(2)     To comply with its discovery and due process obligations, the United States is authorized to disclose grand jury materials to the Defendants. Each Defendant is to treat as confidential all Confidential Material that is produced or made available for use in preparing for trial of this case.

(3)     Each Defendant and any person to whom any Defendant or the United States discloses Confidential Material, as permitted by this Order, must be shown a copy of this Order and be informed that such material is confidential and must be treated as such.

(4)     Each Defendant, any person to whom a Defendant discloses Confidential Material, and any person to whom the United States discloses Confidential Material, shall not make any further disclosure of the Confidential Material, except as provided herein, absent further order of this Court.

(5)     The Confidential Material, including all copies thereof, may be disclosed by a Defendant to another person only for the purpose of assisting the Defendant in preparing a defense in this case, and may be disclosed by the attorneys for the United States only for the purpose of assisting the United States in preparing its prosecution or complying with its discovery obligations in this case. Only as much of the materials as may be useful for such purpose may be disclosed by the attorneys for the United States or the Defendants. The Defendants and those persons to whom they disclose Confidential Material in accordance with this Order shall not make any copies of the material, reveal the contents of the material, or use the information contained therein, for any purpose other than preparing a defense in this case. The persons to whom the United States discloses Confidential Material in accordance with this Order shall not make any copies of the material, reveal the contents of the material, or use the information contained therein,

for any purpose other than assisting the United States in preparing for prosecution or complying with its discovery obligations in this case.

(6)     All Confidential Material, and any copies thereof, disclosed to any of the Defendants or third parties shall be returned to defense counsel at the earliest of: (a) the end of this case and any appeals; (b) such time as it is no longer necessary for the person to possess such material. At the end of this case and any appeals, defense counsel shall certify in writing to attorneys for the United States that they have received all Confidential Material and copies that were given to the Defendants or third parties. Also at that time, defense counsel shall either destroy all Confidential Material or return it to attorneys for the United States. If defense counsel elect to destroy any Confidential Material rather than return it to the attorneys for the United States, they shall certify in writing to the attorneys for the United States that such material has been destroyed.

(7)     This Order applies to certain records that the Defendants have not yet had an opportunity to review, some of which were not obtained through the grand jury process or otherwise may not be covered by the provisions of Rule 6(e) of the Federal Rules of Criminal Procedure.

(8)     Any party may seek to have certain documents or categories of documents excepted from the terms of this Agreed-Upon Protective Order. Each party will be available, on reasonable notice, to discuss problems which may arise under the Agreed-Upon Protective Order. This Agreed-Upon Protective Order does not prejudice the right of any party to seek the Court's permission to except particular documents or categories of documents from the terms of this Agreed-Upon Protective Order.

(9)    The alleged victim in this case, BP America Production Company, and its employees have submitted confidential or sensitive documents and have provided other confidential or sensitive information to the United States, and they may continue to do so. The United States will designate these documents and any other documents containing this sensitive or confidential information as "BP Confidential Material." BP Confidential Material is subject to the same restrictions as other Confidential Material, plus the following additional restrictions:

a) Defense counsel may show BP Confidential Material to the individual defendants, representatives of the corporate defendant, or third parties if necessary to prepare the defense, but may not give them these documents or copies thereof.

b) If defense counsel believe it is necessary to give certain BP Confidential Material to the individuals defendants, representatives of the corporate defendant, or third parties, they must file a notice with the court and mail this notice to BP by overnight delivery at least five days prior to doing so. The notice must list by bates number the documents counsel proposes to give and the parties to whom they will be given. If BP objects to the disclosure by filing a motion, defense counsel must not give any of the BP Confidential Material at issue to any person at issue until this Court rules on the motion.

c) Notice to BP shall be served at the following address:

> Gregory E. Goldberg
> Holland & Hart
> 555 Seventeenth Street
> Suite 3200
> Denver, Colorado  80202-3979

d) Any individual defendant, representative of the corporate defendant, or third party to whom defense counsel gives BP Confidential Material or copies must

-4-

sign a statement indicating that he has read and understood this Order and that any

violation may be punished as a contempt of court.

ORDERED this 13ᵀᴴ day of April, 2007.

Hon. Wiley Y. Daniel

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO