IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 07-cr-00090-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. B&H MAINTENANCE & CONSTRUCTION, INC., a New Mexico corporation;
2. JON PAUL SMITH a/k/a J.P. SMITH; and
3. LANDON R. MARTIN,

Defendants.

## ORDER

THIS MATTER came before the Court for a motions hearing on January 15, 2008. After carefully reviewing the pleadings and considering the arguments presented by the Government, the Defendants, and the third parties, Flint Energy Services, Inc., Flint Energy Services, Ltd., and BP America, at the hearing, I order the following for the reasons stated on the record:

I.    Matters Concerning Discovery

In February, March, and April of 2006, meetings related to the instant action occurred between Government counsel and paralegals, counsel for Flint Energy Services, Inc., and counsel for Flint Energy Services, Ltd. Accordingly, it is

ORDERED that the Government counsel and paralegals, counsel for Flint Energy Services, Inc., counsel for and Flint Energy Services, Ltd. shall provide all

notes (not redacted) related to communications made at the above-referenced meetings to the Court for an *in camera* review no later than **Monday, February 4, 2008.**

It is FURTHER ORDERED that: (1) Defendants' Joint Motion for Discovery of Documents Relating to Conversations Between the Government and Flint's Attorney (docket #173) and (2) Objection of Flint Energy Services, Inc. to the Production of Privileged and Protected materials to the Government (docket #135) are **TAKEN UNDER ADVISEMENT** until the Court has conducted an *in camera* review of the notes ordered to be produced above and determined what course of action to pursue. It is

FURTHER ORDERED that BP America's Motion to Quash Subpoena and For Protective Order (docket #154) is **TAKEN UNDER ADVISEMENT**. In connection with this motion, BP America is ordered to provide a privilege log to the Defendants no later than **Monday, February 4, 2008**. The privilege log shall include all internal documents BP America alleges are privileged along with previously disclosed redacted email communications. Once they receive the privilege log, the Defendants are ordered to file a document indicating whether they oppose BP America's Motion to Quash with the Court no later than **Thursday, February 14, 2008**. It is

FURTHER ORDERED that the parties shall meet and confer with respect to whether Mr. Jeff Short was conducting an investigation at the direction of a Flint executive or counsel and whether there exists discovery materials from Mr. Short that are unrelated to assertions of the attorney client privilege or work product doctrine. It is

FURTHER ORDERED that Defendant B&H's Motion for Leave to Issue Subpoena *Duces Tecum* for Unredacted BP America Documents (docket #159) is **DENIED WITHOUT PREJUDICE.**

II.      Matters Concerning Rule 801(d)(2)(E)

Fed. R. Evid. 801(d)(2)(E) requires the trial court to make findings regarding the alleged existence of, and the co-conspirator's participation in the conspiracy, and that the statements were made in the course and furtherance of that conspiracy, before the statements can be admitted. *United States v. Chavez*, 229 F.3d 946 (10th Cir. 2000); *United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir. 1997). Under Rule 801(d)(2)(E), statements of a defendant's alleged conspirators may not be admitted over objection unless the trial court finds the following elements by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course of and in furtherance of the conspiracy. *Id.* at 952, n. 5. These three foundational elements are preliminary questions of fact which are governed by Fed. R. Evid. 104 and must be resolved by the Court. *Bourjaily v. United States*, 483 U.S. 171 (1987).

The Government filed a proffer of numerical recitations of coconspirator statements it believed satisfied the factors set forth in Rule 801(d)(2)(E). After hearing argument from both parties and for the reasons stated on the record, I find that the following numbered statements are preliminarily admissible pursuant to Rule 801(d)(2)(E): 1, 2, 4, 6, 8, 9, 12, 14, 15, 17, 18, 19, 23, 24, 25, 26, 28, 30, 31, 32, and

33. I find that these statements indicate by a preponderance of the evidence that a conspiracy existed, that the declarant and the defendant were both members of the conspiracy, and that the statements were made in furtherance of the conspiracy. These statements, more likely than not, indicate that a conspiracy to illegally rig bids existed. The statements also indicate how the coconspirators both carried out the conspiracy and attempted to conceal the conspiracy. Accordingly, it is

ORDERED that the following numbered statements are preliminarily admissible pursuant to Rule 801(d)(2)(E): 1, 2, 4, 6, 8, 9, 12, 14, 15, 17, 18, 19, 23, 24, 25, 26, 28, 30, 31, 32, and 33. It is

FURTHER ORDERED that the parties shall meet and confer about a limiting instruction to be given to the jury at trial in connection with the presentation of the coconspirator statements and should file such instruction with the Court when jury instruction are tendered pursuant to my practice standards.

III.   Miscellaneous Matters

It is FURTHER ORDERED that the parties shall notify the Court of all pending motions and any motions to be withdrawn no later than **Friday, February 1, 2008.** It is

FURTHER ORDERED that a hearing on the admissibility of Rule 404(b) evidence and severance issues is set for **Thursday, February 28, 2008, at 8:00 a.m.** It is

FURTHER ORDERED that the Defendants shall file their combined expert reports no later than **Friday, March 14, 2008.** It is

FURTHER ORDERED that the Government shall designate rebuttal expert witnesses, file expert reports, and file any *Daubert* motions no later than **Friday, April 11, 2008.**  It is

FURTHER ORDERED that the Defendant shall file combined responses to any *Daubert* motions no later than **Friday, May 2, 2008.**  It is

FURTHER ORDERED that the Defendants shall file any combined *Daubert* motions no later than **Friday, April 25, 2008.**  It is

FURTHER ORDERED that the Government shall file responses to any *Daubert* motions no later than **Friday, May 9, 2008.**  It

FURTHER ORDERED that the final trial preparation conference and hearing on all pending motions is set for **Tuesday, May 27, 2008, at 1:30 p.m.**  It is

FURTHER ORDERED that the ten-day trial in this matter is set for **Monday, June 16, 2008.**  It is

FURTHER ORDERED that the parties shall comply with all other deadlines and directives mandated by me at the motions hearing or set forth in my practice standards.

Dated:  January 17, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge