IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Action No. 07-cr-00090-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. B&H MAINTENANCE & CONSTRUCTION, INC., a New Mexico corporation;
2. JON PAUL SMITH a/k/a J.P. SMITH; and
3. LANDON R. MARTIN,

Defendants.

## ORDER

THIS MATTER came before the Court for a motions hearing on February 28, 2008. After carefully reviewing the pleadings and considering the arguments presented by the Government and the Defendants at the hearing, I order the following for the reasons stated on the record:

I.    Matters Concerning Rule 404(b)

    Fed. R. Evid. 404(b) provides that

> Evidence of other crimes, wrongs or acts is not admissible to
> prove the character of a person in order to show action in
> conformity therewith. It may, however, be admissible for
> other purposes, such as proof of motive, opportunity, intent .
> . . provided that upon request by the accused, the
> prosecution in a criminal case shall provide reasonable
> notice in advance of trial, or during trial if the court excuses
> pretrial notice on good cause shown, of the general nature
> of any such evidence it intends to introduce at trial.

Admission of Rule 404(b) evidence is governed by a four prong test originally set forth in *Huddleston v. United States*, 485 U.S. 681 (1988); *see United States v. Wilson*, 107 F.3d 774, 782 (10th Cir. 1997); *United States v. Birch*, 39 F.3d 1089, 1094 (10th Cir. 1994). This test requires consideration of the following factors: (1) that the evidence be offered for a proper purpose under Rule 404(b); (2) that the evidence is relevant under Rule 402; (3) the probative value of the evidence must not be substantially outweighed by the potential for unfair prejudice; and (4) the trial court shall, upon request, instruct the jury that the evidence is to be considered only for the proper purpose for which it was admitted.

The Government filed a timely notice of numerical recitations of evidence it intends to introduce at trial during its case-in-chief. The Government believes that the evidence it proffered satisfies the requirements set forth in Rule 404(b). After hearing argument from both parties and for the reasons stated on the record, I find that the following numbered pieces of evidence are preliminarily admissible pursuant to Rule 404(b): 1, 2, 3, and 4. I find that this proffered evidence indicates by a preponderance of the evidence that (1) the evidence is offered for a proper purpose under Rule 404(b); (2) the evidence is relevant under Rule 402; (3) the probative value of the evidence substantially outweighs the potential for unfair prejudice; and (4) I shall, upon request, instruct the jury that the evidence is to be considered only for the proper purpose for which it is admitted. Accordingly, it is

ORDERED that the following numbered pieces of evidence are preliminarily admissible pursuant to Rule 404(b): 1, 2, 3, and 4. It is

FURTHER ORDERED that I will defer ruling on the Defendants' proffered reverse Rule 404(b) evidence until trial.

II.     Miscellaneous Matters

It is FURTHER ORDERED that Defendant B&H's Motion to Sever Counts (docket #47), filed July 16, 2007, is **TAKEN UNDER ADVISEMENT.** It is

FURTHER ORDERED that Defendant Landon Martin's Motion for Severance (docket #50), filed July 16, 2007, is **TAKEN UNDER ADVISEMENT.** It is

FURTHER ORDERED that in light of my previous rulings with respect to Rule 404(b), the United States' Motion for Pretrial Ruling on Admissibility of Testimony about Defendant Smith's false Statements to the FBI (docket #80), filed October 1, 2007, is **DENIED AS MOOT.** It is

FURTHER ORDERED that I will defer ruling on the United States' Motion in Limine to Exclude Improper Character Evidence (docket #79), filed October 1, 2007, until trial. It is

FURTHER ORDERED that the United States' Motion to Exclude Improper Evidence and Arguments Relating to Lack of Effect, Justification, Reasonableness, or Lack of intent (docket #82), filed October 1, 2007, is **DENIED WITHOUT PREJUDICE.** It is

FURTHER ORDERED that the Government may file a motion requesting the Defendants' notes from their interview with Mr. Harley Temple no later than **March 20, 2008.** The Defendants shall file their response within ten days of the date of the Government's motion. It is

FURTHER ORDERED that the parties shall comply with all other deadlines and directives mandated by me at the motions hearing or set forth in my practice standards.

Dated: February 28, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge