IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Action No. 07-cr-00090-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. B&H MAINTENANCE & CONSTRUCTION, INC., a New Mexico corporation;
2. JON PAUL SMITH a/k/a J.P. SMITH; and
3. LANDON R. MARTIN,

Defendants.

---

**ORDER**

---

I.    INTRODUCTION

THIS MATTER comes before the Court following a hearing on pending motions held February 28, 2008. The Court considered both a motion from Defendant B&H to sever counts of the indictment and a motion from Defendant Landon Martin to sever himself from his co-defendants for trial. Count One of the indictment charges Defendants B&H, J.P. Smith, and Landon Martin with having violated the Sherman Act, 15 U.S.C. § 1. Count Two of the indictment charges Defendant Smith alone with having committed witness tampering in violation of 18 U.S.C. § 1512(b). For the reasons stated on the record at the hearing, and as set forth below, Defendant B&H's Motion to Sever Counts (docket #47), filed July 16, 2007 and Defendant Landon Martin's Motion for Severance (docket #50), filed July 16, 2007 are **DENIED**.

II.  FACTUAL BACKGROUND

The Defendants are charged in a two-count Indictment. Count One charges Landon Martin, J.P. Smith, and B&H Maintenance and Construction, Inc., with conspiring to rig bids in violation of 15 U.S.C. § 1. (Indictment Count I.) Count Two charges Defendant Smith alone with obstructing the investigation into Count One by tampering with a witness. (Indictment Count II.) The conspiracy in Count One initially involved Defendant Smith, who was vice president of B&H Maintenance and Construction, Inc., and Kenneth Rains, an executive at a company called Flint Energy Services, Inc.[1] Smith and Rains are alleged to have conspired to rig bids for pipeline projects their companies were submitting to BP America Production Company ("BP America"). (See Indictment ¶ 3(d).) Because their two companies were the only competitors for certain BP America projects, Defendant Smith and Rains agreed to divide the work so that B&H would win some bids and Flint would win the others. (Indictment ¶ 3(c).) B&H would provide Rains with the prices it was bidding, and Rains agreed to bid higher than B&H on certain projects and lower on others. Defendant Martin, who was also an employee of B&H, was aware of the conspiracy and allegedly joined it no later than September 23, 2005, when he provided B&H's bid numbers to Kenneth Rains at Defendant Smith's request. Sometime in December of 2005, the conspiracy ended after a Flint employee reported the illegal activity to Flint executives. Both Rains and Flint have pled guilty to the conspiracy.

---

[1] Defendant B&H participated in the conspiracy through the acts of its employee agents,
Defendant Smith and Defendant Martin.

Count Two charges Defendant J.P. Smith alone with obstructing the investigation into Count One by attempting to persuade Kenneth Rains to lie to the grand jury and the FBI about the conspiracy. (Indictment ¶ 19, 20.) After the United States learned of the bid rigging conspiracy, investigators from the FBI and the Department of Justice visited Defendant Smith at his home to question him about the conspiracy. At the interview, Defendant Smith allegedly denied rigging bids and indicated that he did not know Rains well. At the close of the interview, he was served with a grand jury subpoena. Shortly after the government investigators left his house, Defendant Smith allegedly telephoned Kenneth Rains to coordinate their stories so that Rains would tell the same lies to the FBI and grand jury. Defendant Smith is alleged to have relayed to Rains the false statements he had made to the FBI and indicated that the Government would never be able to prove the conspiracy. Both Smith and Rains are alleged to have known that Smith's story was false and Rains understood that Smith was attempting to

persuade him to tell the same lies.

III.    Defendant B&H's Motion to Sever Counts (docket #47)

In the motion, Defendant B&H seeks relief from prejudicial joinder under Federal Rule of Criminal Procedure 14. Defendant B&H claims that the Government's presentation of evidence in an attempt to prove the witness tampering count against Smith would "appear to prejudice B&H at trial." (Mot. at 2.)

A.  Analysis

It is clear that Defendant B&H is not arguing that joinder under Rule 8 is improper here. Rule 8(b) allows joinder of multiple defendants in a single indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Substantive offenses arising out of a conspiracy can be joined together because they arise out of the same transaction." *United States v. Wright*, 932 F.2d 868, 876 (10th Cir. 1991). Further, joint trials for defendants who are indicted together are preferred because "[t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quotation omitted); *see* Fed. R. Crim. P. 8(b).

Defendant B&H contends, however, that it is prejudiced by joinder and that discretionary severance is appropriate under Rule 14. Rule 14(b) states: "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." Fed. R. Crim. P. 14(b). To make a showing of "prejudice," a defendant must show that there is a serious risk that a joint trial would compromise a specific trial right, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro*, 506 U.S. at 539. The defendant must make a "strong showing" of real prejudice from joinder. *United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994). "Neither a mere allegation that defendant would have a better chance

of acquittal in a separate trial, nor a complaint of the 'spillover effect' . . . is sufficient to warrant severance." *United States v. Powell*, 982 F.2d 1422, 1432 (10th Cir.1992).

In *Zafiro*, the Supreme Court also noted that when damaging evidence is admitted as to one defendant, "less drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539. Many other courts have also rejected requests for severance predicated on similar claims of "spillover prejudice" based on the particular facts of each case. *See,* e.g., *United States v. Morales*, 108 F.3d 1213, 1220 (10th Cir. 1997); *United States v. Hardwell*, 80 F.3d 1471, 1486-87 (10th Cir. 1996), *cert. denied*, 118 S. Ct. 1570 (1998). In *Zafiro*, however, the Supreme Court also acknowledged that "[w]hen many defendants are tried together in a complex case, and they have markedly different degrees of culpability, this risk of prejudice is heightened." 506 U.S. at 539.

Turning to the case at hand, I do not find that the risk of prejudice here warrants the severance of counts. I find that less drastic measures are available to guard against the risk of prejudice that may result from the Government's presentation of evidence in connection with the witness tampering count. I believe that the jury will be able to sufficiently compartmentalize the evidence and I intend to employ the use of limiting instructions to guard against any "spillover" here. *Zafiro*, 506 U.S. at 539.

Thus, I find that the Defendant B&H has failed to make a "strong showing" of risk of real prejudice, and there is no basis for a severance under this theory.

IV.   Defendant Landon Martin's Motion for Severance (docket #50)

In the motion, Defendant Martin seeks relief from prejudicial joinder under both Fed. R. Crim. P. 8(b) and 14(a). Defendant Martin argues that his case should be severed for the purposes of trial for the following reasons: (1) because the witness tampering charged in Count Two involves only one of the Defendants who allegedly conspired to violate the antitrust laws as charged in Count One; (2) because the acts of witness tampering are not alleged to be acts in furtherance of the antitrust conspiracy charged in Count One; and (3) because the acts of witness tampering are all alleged to have occurred on a date beyond the life of the conspiracy charged in Count One. Finally, Defendant Martin claims that the indictment fails to allege that each of the Defendants participated in the "same series of acts" withing the meaning of Rule 8(b).

   A.   Analysis

As stated above, where multiple defendants are joined in a single indictment, the propriety of their joinder is governed by Rule 8(b). Fed. R. Crim. P. 8 allows joinder of multiple defendants in a single indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Joinder has also been held to be proper where the offenses charged are based on connected acts or transactions. *United States v. Dickey*, 736 F.2d 571, 590 (10th Cir. 1984); *United States v. Chagra*, 754 F.2d 1186, 1188 (5th Cir. 1985). In this Circuit, the general rule is to try persons jointly indicted together. *United States v. Wright*, 932 F.2d 868, 876 (10th Cir. 1991). A decision as to severance will only be reversed for an abuse of discretion or a strong showing of prejudice. *Id.*

The purpose of Rule 8(b) is to balance "the judicial efficiency inherent in group trials with fairness to the individual defendants, whose case would be prejudiced if it were presented alongside those of defendants whose unrelated crimes could incite the passion of the jury against him." *United States v. Maranghi*, 718 F. Supp. 1450, 1451 (N.D. Cal. 1989). Misjoinder can constitute reversible error. *Id.* "The trial court is forced to size up the evidence against the defendants before it is proved before a jury." *Id.* However, "[w]here the evidence overlaps, the offenses are similar and the opera[tive] events occurred within a relatively short span of time, joinder of defendants and offenses is proper." *Wright*, 932 F.2d at 876, citing *United States v. Esch*, 832 F.2d 531, 538 (10th Cir. 1987), *cert. denied* 485 U.S. 908 (1988). "Substantive offenses arising out of a conspiracy can be joined together because they arise out of the same transaction [citations omitted]. The prejudice caused by the joinder must be weighed against considerations of judicial efficiency." *Wright*, 932 F.2d at 876. "In conspiracy cases, the general rule is that persons indicted together should be tried together." *United States v. Rogers*, 921 F.2d 975, 984 (1990).

I note that the Tenth Circuit addressed a similar scenario to the instant case in *United States v. Tynes*, 1996 WL 195108 (10th Cir. 1996). In *Tynes*, Defendant Johnny Tynes was indicted with a co-defendant, Limuel Teafatiller, for conspiracy to commit theft from an interstate oil pipeline owned by Koch Oil Company in violation of 18 U.S.C. 371. *Id.* at *1. Defendant Teafatiller was also charged with three counts of perjury. *Id.* The District Court denied Defendant Tynes' motion for severance, and the Tenth Circuit affirmed. *Id.* The Tenth Circuit held that the defendants were properly

-7-

joined under Rule 8(b) and stated that "[t]he fact that Teafatiller was also charged with perjury does not require severing the trial because the facts necessary to prove guilt as to the stolen oil included those needed to prove Teafatiller's perjury." *Id.*

In analyzing the instant case, I find that the facts are analogous to *Tynes.* The Government must prove the necessary facts in connection with Count One, the bid-rigging conspiracy, in order to prove that Defendant J.P. Smith tampered with the subsequent investigation as alleged in Count Two. Thus, the Government must prove that a conspiracy existed in order to prove that Defendant Smith interfered with the investigation of that conspiracy. Therefore, I find that Defendant Smith, Defendant Martin and Defendant B&H may be charged in the same indictment because they are alleged to have all participated in the same series of acts or transactions constituting one or more offenses. Count Two is charged against Defendant Smith as a result of the conduct charged in Count One.

I next address Defendant Martin's argument that joinder was improper because the conspiracy charged in Count One is alleged to have ended in December of 2005 and the conduct charged in Count Two did not occur until January of 2006. I reject this argument. Here, the witness tampering charge against Defendant Smith is clearly an outgrowth of the underlying bid-rigging conspiracy. Also, the alleged witness tampering occurred only one month after the alleged conspiracy ended. Further, the Government has stated in various pre-trial hearings that Defendant Smith was not aware that the conspiracy had ended when he engaged in the alleged witness tampering. The central focus of the indictment is the bid-rigging conspiracy which is the common activity that

constitutes a substantial portion of the evidence for both Counts One and Two. Accordingly, I find that the Defendants were properly joined pursuant to Rule 8(b).

Defendant Martin also argues that I should grant a severance under Rule 14. I reiterate my analysis set forth in subsection II of this Order. As I previously stated, I do not find that the risk of prejudice here warrants severance. I find that less drastic measures are available to guard against the risk of prejudice that may result from the Government's presentation of evidence in connection with the witness tampering count. A reasonable jury will be able to properly assess the distinction between Counts One and Two and which Defendant is charged in each Count when properly instructed by the Court. Therefore, I find that Defendant Martin has failed to make a "strong showing" of risk of real prejudice, and there is no basis for a severance under this theory.

V.  CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant B&H's Motion to Sever Counts (docket #47), filed July 16, 2007 is **DENIED.** It is

FURTHER ORDERED that Defendant Landon Martin's Motion for Severance (docket #50), filed July 16, 2007 is **DENIED.**

Dated: March 19, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge